IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**SIR FRANK JAMES**,

                Plaintiff

      v.

**MICHAEL J. ASTRUE**,
Commissioner of Social Security,

                Defendant.

No. 3:11-cv-06103-MO

**OPINION AND ORDER**

**MOSMAN, J.,**

    Plaintiff Sir Frank James ("James") challenges the Commissioner's decision finding him not disabled and denying his applications for Disability Insurance Benefits ("DIB"). I have jurisdiction under 42 U.S.C. § 405(g). For the following reasons, the Commissioner's decision is AFFIRMED.

    I review the Commissioner's decision to ensure his findings are based upon the record, 42 U.S.C. § 405(g), and that he applied the proper legal standards. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009).

## BACKGROUND

Born in 1972 (Admin. R.[1] 109 [9]), Mr. James has a 7th grade education. (AR 140.) He applied for benefits on April 26, 2007 (AR 109), alleging disability since April 2, 2007. (AR 109.) Mr. James alleges disability due to "nerve damage," arthritis, and back problems. (AR 134.) The Commissioner denied these applications initially and upon reconsideration (AR 61-70), and an ALJ held a hearing on October 7, 2009. (AR 28-60.) The ALJ found Mr. James not disabled on November 23, 2009. (AR 11-23.)

## THE ALJ'S FINDINGS

The ALJ found Mr. James's hypothyroidism, arthritis, history of epilepsy, neuropathy, migraine headaches, degenerative disc disease, "depressive/dysthymic disorder," and cognitive disorder "severe" at step two in the sequential proceedings. (AR 13.) He found these impairments did not meet or equal an impairment listed in the Commissioner's regulations at step three in the sequential proceedings, and assessed Mr. James's RFC:

> [T]he claimant has the RFC to perform light work[2] activity . . . except that any possible work: (1) should never require climbing of ladders, ropes or scaffolds, or working around heights; (2) must require no more than occasional climbing of ramps or stairs; (3) must require no more than occasional stooping or crouching; (4) should not require frequent communication with members of the general public, either in person or by telephone; (5) must consist of only simple, routine, repetitive tasks; (6) must require no more than occasional decision-making, changes in the work setting, and/or use of judgment; and (7) must allow for a moderate deficiency in maintaining concentration, persistence and pace (defined as being unable to maintain

---

[1] Citations "AR" refer to the indicated pages in the official transcript of the administrative record filed by the Commissioner on August 9, 2011 [6].

[2] "Light" work entails "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(b).

PAGE 2 - OPINION AND ORDER

        concentration, persistence and pace for 5% to 10% of the working
        hours).  (AR 14.)

The ALJ concluded this RFC precluded Mr. James's past relevant work at step four in the sequential proceedings, but allowed him to perform work existing in the national economy.  (AR 22-23.)  The ALJ therefore found Mr. James not disabled.  (AR 23.)

## ANALYSIS

Mr. James alleges that the ALJ erred regarding: (1) the opinions of a treating physician and a social worker; (2) his own testimony; and (3) that of a lay witness.  He consequently asserts that these alleged errors establish disability at step five in the Commissioner's sequential disability analysis.

**I.**    **Medical Source Statements**

Mr. James argues that the ALJ improperly considered the opinion of treating physician John Hein, M.D., and that of social worker Carolyn Moore, L.C.S.W.

      **A.**    **Standards: Medical Source Statements**

Disability opinions are reserved for the Commissioner.  20 C.F.R. § 404.1527(e)(1).  If no conflict arises between medical source opinions, the ALJ generally must accord greater weight to the opinion of a treating physician than that of an examining physician.  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).  But, if two medical source opinions conflict, an ALJ need only give "specific and legitimate reasons" for discrediting one opinion in favor of another.  *Id.* at 830.

      **B.**    **Analysis**

           **1.**    **Treating Physician John Hein, M.D.**

Mr. James argues that Dr. Heine's opinion establishes disability, and, additionally, directs the ALJ to develop the administrative record.

PAGE 3 -   OPINION AND ORDER

General physician Dr. Hein treated Mr. James between February 19, 2009, and August 21, 2009. (AR 553-85.) He initially assessed joint pain, fatigue, neuropathy, epilepsy, hypothyroidism, chronic pain syndrome, and night sweats (AR 555), and later added depression (AR 567), and confusion. (AR 581.) On October 1, 2009, Dr. Hein responded to a letter from Mr. James's counsel, affirming that Mr. James "has demonstrated cognitive impairment" during examination, and that this impairment would, in Dr. Hein's opinion, render Mr. James unemployable. (AR 591-92.) Dr. Heine also agreed that he had previously recommended a neuropsychological evaluation. (AR 591.)

The ALJ discussed Dr. Heine's opinion, noting that Mr. James first visited Dr. Heine on February 19, 2009. (AR 20.) He subsequently discussed Mr. James's follow-up appointments with Dr. Heine between March and June 2009 in some detail. (*Id.*) Mr. James's assertion that the ALJ "did not address" Dr. Heine's opinion (Pl.'s Opening Br. [9] 15-16 ), as a general matter, is not based upon the record.

Mr. James also argues that Dr. Heine's letter establishes that he would be unemployable, and is therefore disabled. (Pl.'s Opening Br. [9] 15.) Disability determinations are reserved for the Commissioner. 20 C.F.R. § 404.1527(e)(1). An ALJ is not obliged to accept a physician's opinion couched in general terms without reference to the technical requirements pertaining to disability under the Commissioner's regulations. *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (rejecting physician restriction to generic "sedentary" work without reference to the Commissioner's regulations). Mr. James points to no specific work-related restrictions articulated by Dr. Heine which the ALJ now failed to include in Mr. James's RFC. (Pl.'s Opening Br. [9] 15-16; Pl.'s Reply Br. [12] 1-2.) He therefore fails to establish that the ALJ erroneously rejected Dr. Heine's October 1, 2009, statement that Mr. James was "unemployable."

PAGE 4 -  OPINION AND ORDER

Finally, Mr. James asserts that the ALJ improperly ignored Dr. Hein's suggestion that Mr. James would benefit from neuropsychological testing. (Pl.'s Opening Br. [9] 16 (citing AR 591).) Mr. James's indicated citation points to the October 1, 2009, letter from Mr. James's attorney, asking Dr. Heine to confirm that "in your opinion, a referral for neuropsychological testing would help determine more specifically the exact nature of Mr. James' cognitive impairment." (AR 591.) Dr. Heine signed this letter. (AR 592.) Mr. James does not point the court to Dr. Heine's original statement.

The record shows that on July 30, 2009, Dr. Heine wrote, in full:

> Still no explanation for [Mr. James's] multitude of symptoms. He may have some cognitive impairment from his history of prior drug use. May also have somatization disorder. No neck and Vicodin [sic] at this point would be a psychiatry consultation or neuropsych testing. For now I will see him back in 6 weeks for recheck. (AR 581.)

The ALJ must develop the record when the claimant's onset date is ambiguous, *Armstrong v. Comm'r*, 160 F.3d 587, 590 (9th Cir. 1998), or when the record is too inadequate for the Commissioner to make a proper disability determination. 20 C.F.R. § 404.1513(e); *Bayliss*, 427 F.3d at 1217. The record here is neither ambiguous nor inadequate. While Dr. Heine stated that a neuropsychological consultation would be useful in determining the cause of Mr. James's cognitive impairment, such information would not establish additional work-related limitations not already described in the record. Further, Dr. Heine clearly stated that Mr. James's cognitive impairment may be related to Mr. James's drug use (AR 581), which includes a history of sniffing gasoline and paint. (AR 531, 579.) The Act and the Commissioner's regulations prohibit payment of benefits when drug and alcohol use is a material factor in a claimant's disability. 42 U.S.C. § 423(d)(2)(C); 20 C.F.R. § 404.1535. Further development of this matter is therefore unnecessary.

PAGE 5 - OPINION AND ORDER

In summary, the ALJ's findings pertaining to Dr. Heine are affirmed.

### 2.   Social Worker Carolyn Moore, L.C.S.W.

Mr. James asserts the ALJ failed to properly evaluate the opinion of social worker Carolyn Moore, L.C.S.W.  (Pl.'s Opening Br. [9] 17.)

Ms. Moore treated Mr. James on one occasion, on June 19, 2008.  (AR 516-28.)  She assessed dysthymic disorder and somatization disorder.  (AR 516, 526.)  On September 28, 2009, Ms. Moore wrote a letter to the record, stating:

> In my opinion, Mr. James would have difficulty working with the public, responding to the feedback and directions of a supervisor, and performing complex tasks or following detailed instructions.  He is easily distracted, reports physical pain which limits his mobility as well as his concentration, and has trouble expressing hist thoughts.  Sometimes he searches for several seconds for a word.  Although I didn't observe it myself, according to his wife, he can be impulsive and inappropriate in public.

(AR 588.)  She also stated that Mr. James has trouble remembering dates and times, and easily becomes lost.  (*Id.*)

The ALJ discussed Ms. Moore's opinion.  (AR 20.)  He specifically cited Ms. Moore's June 19, 2008, intake assessment at Linn County Mental Health, and her November 3, 2008, discharge documentation.  *Id.*  He also discussed Ms. Moore's September 28, 2009, letter, noting Ms. Moore's statement that she had not recently seen Mr. James, and her suggestions that he would have difficulty working with the public, performing complex tasks, was easily distracted, and had trouble remembering dates and times.  (AR 21.)  The ALJ found this opinion "somewhat supported" by Mr. James's treatment record, and for this reason included additional non-exertional limitations in Mr. James's RFC.  (*Id.*)

However, the ALJ also stated that he gave "moderate to lesser weight" to Ms. Moore's

PAGE 6 -  OPINION AND ORDER

opinion than to that of reviewing physician Neal Berner, M.D., and other treating sources. (AR 22.) The ALJ reached this conclusion because Ms. Moore formulated her opinion some time after she last saw Mr. James, and Ms. Moore's contact with Mr. James was limited. (*Id.*) The ALJ may consider the nature, duration, and frequency of the treating source's relationship with the claimant. 20 C.F.R. § 404.1527(d)(2)(ii). The Commissioner's regulations specifically instruct that, "the longer and more times [a claimant] has been seen by a treating source, the more weight we will give to the source's medical opinion." *Id.* The ALJ's conclusion that Ms. Moore's opinion was entitled to less weight than other sources because her contact with Mr. James was "limited and remote" is therefore affirmed.

Mr. James now asserts that the ALJ failed to consider Ms. Moore's opinion regarding his alleged inability to respond to workplace supervision and directions. (Pl.'s Opening Br. [9] 18.) He specifically argues that the vocational expert present at Mr. James hearing before the ALJ "was not asked to address a limitation related to difficulty responding to supervision." (*Id.*) Mr. James was represented by counsel at his hearing before the ALJ. AR 28. Mr. James's counsel questioned the vocational expert, and did not ask the vocational expert to consider these limitations. (AR 59-60.) When a claimant is represented by counsel, his failure to raise an issue before the ALJ constitutes waiver. *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999). Mr. James cannot now establish error on the matter, and this argument therefore fails.

    C.    **Conclusion**

In summary, the ALJ's analysis of the medical record is affirmed.

**III.    Credibility**

Mr. James asserts that "it is premature to address the issue of [his] credibility" until the

PAGE 7 - OPINION AND ORDER

record is further developed. (Pl.'s Opening Br. [9] 19.) The Commissioner responds that the ALJ adequately addressed Mr. James's symptom testimony, and that these findings should be affirmed. (Def.'s Br. [11] 5-8.)

### A. Credibility Standards

The ALJ must consider all symptoms and pain which "can be reasonably accepted as consistent with the objective medical evidence and other evidence." 20 C.F.R. § 404.1529(a). Once a claimant shows an underlying impairment which may "reasonably be expected to produce pain or other symptoms alleged," absent a finding of malingering, the ALJ must provide "clear and convincing" reasons for finding a claimant not credible. *Lingenfelter v. Astrue,* 504 F.3d 1028, 1036 (9th Cir. 2007) (citing *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). The ALJ may consider objective medical evidence and the claimant's treatment history, as well as the claimant's daily activities, work record, and observations of physicians and third parties with personal knowledge of the claimant's functional limitations. *Smolen*, 80 F.3d at 1284. The ALJ may additionally employ ordinary techniques of credibility evaluation, such as weighing inconsistent statements regarding symptoms by the claimant. *Id.* The ALJ may not, however, make a negative credibility finding "solely because" the claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2005).

### B. Credibility Analysis

The ALJ's credibility analysis cited Mr. James's use of narcotic painkillers belonging to others (AR 15, 18), normal imaging studies (AR 16, 17), refusal to follow recommended treatment (AR 16, 18), and work activity. (AR 18-19.) These are acceptable citations in a credibility finding

under the standards articulated above. Mr. James presently fails to identify, or even allege, error in the ALJ's finding pertaining to his credibility. (Pl.'s Opening Br. [9] 19.) This court need not address arguments presented without specificity. *Lewis v. Apfel*, 236 F.3d 503, 514 (9th Cir. 2001) (rejecting claimant's challenge to the ALJ's findings where claimant "offered no theory, plausible or otherwise," and pointed to no evidence of record supporting his claim). For this reason, the ALJ's credibility findings are affirmed.

## IV.    Lay Testimony

Mr. James asserts that the ALJ erroneously omitted discussion of the testimony submitted by his wife, Katy Brewer. (Pl.'s Opening Br. [9] 18.)

### A.    Standards: Lay Testimony

The ALJ has a duty to consider lay witness testimony. 20 C.F.R. § 404.1513(d); *Molina v. Astrue*, ___ F.3d ___, ___ (9th Cir. April 2, 2012) (available at 2012 WL 1071637 at *7) (citing *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996); *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993)). However, the ALJ is not required to address each witness "on an individualized witness-by-witness basis," and may reject lay testimony predicated upon reports of a claimant properly found not credible. *Molina*, ___ F.3d at ___ (available at 2012 WL 1071637 at *7) (citing *Valentine v. Astrue*, 574 F.3d 685, 694 (9th Cir. 2009)).

### B.    Analysis

The ALJ did not directly discuss Ms. Brewer's testimony, but found Mr. James not credible for the reasons articulated above. Mr. James asserts that the ALJ erroneously omitted Ms. Brewer's testimony describing Mr. James's cognitive problems, forgetfulness, and lack of empathy and inappropriate responses to unspecified stimuli. (Pl.'s Opening Br. [9] 18.) He does not explain the

effect of the ALJ's alleged omission. (*Id.*)

The Ninth Circuit recently conducted an exhaustive review of its harmless error analysis in Social Security disability appeals, *Molina*, ___ F.3d at ___ (available at 2012 WL 1071637 at *7-13), and reaffirmed that an ALJ's omission of lay testimony is harmless when it is "inconsequential to the ultimate nondisability determination." *Id.* at *13 (citing *Carmickle v. Comm'r, Soc. Sec.*, 533 F.3d 1155, 1162 (9th Cir. 2008)). Here, the ALJ properly discredited Mr. James's testimony regarding his alleged workplace limitations. *Supra*, 8-9. In such circumstances, the ALJ was not obliged to re-assess Ms. Brewer's testimony regarding those same limitations. *Molina*, ___ F.3d at ___ (available at 2012 WL 1071637 at *7) (citing *Valentine*, 574 F.3d at 694).

Further, to establish reversible error, Mr. James must specifically show that Ms. Brewer's testimony, if credited, would establish a different disability conclusion. *Molina*, ___ F.3d at ___ (available at 2012 WL 1071637 at *9) (citing *Robbins v. Barnhart*, 466 F.3d 880, 885 (9th Cir. 2005) (reaffirming that an ALJ's decision will be reversed when omitted lay testimony, if credited, leads to a different disability conclusion). Mr. James makes no attempt to explain the effect of the ALJ's alleged omission (Pl.'s Opening Br. [9] 18; Pl.'s Reply Br. [12] 4-5), and therefore does not establish error.

For these reasons, Mr. James does not establish reversible error regarding Ms. Brewer's testimony.

**V.    The ALJ's Step Five Findings**

Finally, Mr. James asserts that the ALJ should have found him disabled at step five in the Commissioner's disability analysis. (Pl.'s Opening Br. [9] 19.)

At step five in the sequential proceedings, the ALJ determines if the claimant can perform

work in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). Here the ALJ may draw upon a vocational expert's testimony to show that a claimant can perform work in the national economy. 20 C.F.R. § 404.1566(d-e). The ALJ's questions to the vocational expert must include all properly supported limitations. *Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001). Because Mr. James fails to show that the ALJ erroneously omitted work-related limitations, the ALJ's step five findings are affirmed.

## CONCLUSION

In conclusion, Mr. James fails to show that the ALJ erroneously evaluated the medical evidence, his testimony and that of the lay witness. The ALJ's decision is based upon the record and the correct legal standards and is therefore AFFIRMED.

IT IS SO ORDERED.

DATED this  12th  day of April, 2012.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge